UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| FREIDA POLLANDER, ) | Civil Action No.: 4:12-cv-1971-DCN-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| CAROLYN W, COLVIN[1], ) | |
| Acting Commissioner of Social Security; ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying Plaintiff's claim for disability insurance benefits (DIB) and supplemental security income (SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied.

**PROCEDURAL HISTORY**

Plaintiff first filed an application for DIB and SSI on June 1, 2005. Her applications were denied at all administrative levels and upon reconsideration. Plaintiff filed a request for a hearing. An administrative law judge (ALJ) held a hearing and subsequently issued an unfavorable decision on September 26, 2008. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. Plaintiff sought judicial review in this court by

---

[1]Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

the filing of a complaint, and on March 22, 2011, this court remanded the case. Upon rehearing, the ALJ denied Plaintiff's claim on May 17, 2012. The Appeals Council denied Plaintiff's appeal as untimely on September 10, 2012. Plaintiff filed the present action on     .

## PLAINTIFF'S ARGUMENTS

I.  Improper reliance on vocational expert testimony. A conflict exists between the VE's testimony and the DOT, Regulations require that when such a conflict exists, the ALJ must seek clarification. Where an adverse decision relies on a vocational opinion, and where the vocational opinion is inconsistent with the DOT, must the case be remanded in order to reconcile the testimony?

Pl. Brief 29.

## FACTUAL BACKGROUND

Plaintiff was born on January 27, 1964, and was 40 years of age on the alleged onset date of March 24, 2004. Plaintiff has an eighth grade education and was in special education classes. She has past relevant work as a packer.

## DISABILITY ANALYSIS

In the decision of May 17, 2012, the ALJ made the following findings of fact and conclusions of law:

1.  The claimant meets the insured status requirements of the Social Security Act through June 30, 2007.

2.  The claimant has not engaged in substantial gainful activity since March 24, 2004, the alleged onset date (20 CFR 416.971, et seq. and 404.1571 et seq.).

2.  The claimant has the following severe impairments: carpal tunnel syndrome, chronic obstructive pulmonary disease, obstructive sleep apnea, degenerative disc disease, arthritis of the knee, and obesity (20 CFR 416.920(c) and 404.1520(c)).

3.  The claimant does not have an impairment or combination of impairments

       that meets or medically equals the requirements of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 505.1526, 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). Specifically, I find the claimant retains the capacity to lift and/or carry up to fifty pounds on an occasional basis, lift and/or carry up to 25 pounds on a frequent basis, stand/walk a total of 6 hours out of an 8-hour workday, and sit for about 6 hours out of an 8 hour workday. The claimant is limited to frequent climbing, balancing, stooping, kneeling, crouching, and crawling. She is limited to occasional climbing ropes, ladders or scaffolds. She is limited to frequent handling and fingering with the upper extremities bilaterally. Furthermore, she must avoid concentrated exposure to fumes and hazards.

5. The claimant is capable of performing past relevant work as a packer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from March 24, 2004, through the date of this decision (20 CFR 404.1520(f) and 416.920(g)).

(Tr. 629-53).

Under the Social Security Act (the Act), 42 U.S.C. § 405 (g), this court's scope of review of the Commissioner's final decision is limited to determining: (1) whether the decision of the Commissioner is supported by substantial evidence, and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390. Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The Court's scope of review is

specific and narrow. It does not conduct a de novo review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405 (g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a. An ALJ must consider: (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work, and (5) whether the claimant's impairments prevent him from any substantial gainful employment.

Under 42 U.S.C. §§ 423 (d)(1)(A) and 423(d)(5), pursuant to the Regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." See 20 C.F.R. § 404.1505(a); Blalock, 483 F.2d at 775.

If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a); Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An ALJ's factual determinations must be upheld if supported by substantial evidence and if proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

A claimant is not disabled within the meaning of the Act if he can return to his past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. SSR 82-62. The claimant bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. § 423 (d)(5). He must make a prima facie showing of disability by showing he was unable to return to his past relevant work. Grant v. Schweiker, 699 F. 2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the national economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy that the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. Id. at 191.

## ARGUMENTS/ANALYSIS

**Improper Reliance on Vocational Expert Testimony**

Plaintiff argues that the ALJ erred by failing to ask the VE whether his testimony was consistent with the information contained in the DOT. Social Security Ruling 00–4p states that if there is a conflict between the VE testimony and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying upon the VE evidence to support a decision about whether a claimant is disabled. Specifically, SSR 00–4p reads as follows:

> This Ruling clarifies our standards for the use of vocational experts (VEs) who provide evidence at hearings before administrative law judges (ALJs), vocational specialists (VSs) who provide evidence to disability determination services (DDS) adjudicators, and other reliable sources of occupational information in the evaluation of disability claims. In particular, this ruling emphasizes that before relying on VE

> or VS evidence to support a disability determination or decision, our adjudicators must: Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT), including its companion publication, the Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles (SCO), published by the Department of Labor, and explain in the determination or decision how any conflict that has been identified was resolved.

(SSR 00–4p).

At the hearing, the ALJ posed the following hypothetical question to the VE:

> Please assume you are dealing with a hypothetical individual the same age as the claimant with the same educational background and past work experience. Further assume, this hypothetical individual retains the capability of lifting 50 pounds occasionally, 25 pounds frequently, can stand six of eight hours, walk six of eight hours and sit six of eight hours. Climbing, balancing, stooping, kneeling, crouching and crawling would be frequent. Ropes, ladders and scaffolds would be occasional. Handling and fingering frequent. Fumes, avoid concentrated exposure. Hazards, avoid concentrated exposure. Could such an individual perform any of the claimant's past relevant work as actually performed or as generally performed in the national economy?

(Tr. 1142). The VE responded that the hypothetical individual could perform Plaintiff's past relevant work as a packer, DOT 920.587-018, both as previously performed and as normally performed in the economy. She also identified other work that would be available under this hypothetical: order filler, DOT 922.687-058; sandwich maker, DOT 317.664-010; and, kitchen helper, DOT 318.687-010. The ALJ did not ask the VE whether there were any conflicts between her testimony and the information in the DOT. (Tr. 1140-45). However, she stated in her decision that she accepted "the vocational expert's testimony is in accordance with SSR 00-4p, as it is consistent with the Dictionary of Occupational Titles." (Tr. 652). The ALJ relied upon this hypothetical in reaching Plaintiff's RFC. (Tr. 1142-43).

The performance standard for the occupation of hand packager,[2] Plaintiff's past relevant work, as defined by DOT 920.587-018 provides that handling and fingering occur constantly, that is, two-thirds or more of the time. However, the hypothetical question posed to the VE and which was ultimately adopted by the ALJ as Plaintiff's RFC, provides that Plaintiff is limited to frequent handling and fingering. "Frequently" is defined as existing from one-third to two-thirds of the time. Thus, Plaintiff argues, there is a conflict between the VE's testimony and the information in the DOT and it was error for the ALJ not to inquire into the conflict.

The Commissioner argues that any error on the part of the ALJ to inquire into potential conflicts is harmless because the ALJ found that Plaintiff could perform the work of packer as actually performed. At step four, the ALJ may conclude that a claimant is not disabled because she can perform her past relevant work either as it is generally performed in the national economy or as she actually performed it. 20 C.F.R. § 404.1560(b)(2). Federal regulations provide that an ALJ "will ask [a claimant] for information about work [she has] done in the past." 20 C.F.R. § 404.1560(b)(2); see also SSR 82–62 ("The claimant is the primary source for vocational documentation."). During the hearing, the ALJ's questioning of Plaintiff regarding her past work was limited to where and when she last worked:

> Q. Where did you last work?
> A. I worked with the temporary service for a little over a week and - - - I think that was 2004.
> Q. Since 2004 until the present time, have you done any work, either full time or part time?
> A. No, sir.

(Tr. 1121-22). The ALJ did not question Plaintiff about the demands of her previous work. In her

---

[2]DOT 920.587-018 is entitled "packager, hand."

brief, the Commissioner points to a Work History Report completed by Plaintiff, in which she identified two packing jobs. (Tr. 144-46). For the first job position, which she held from 1988-1991, in response to the question, "What did you do all day?" Plaintiff answered "stand and pack beened [sic] a lot." When asked how many hours she performed each activity, Plaintiff responded by only placing a check mark next to the activities. Plaintiff also indicated that she frequently lifted 50 lbs. For the second job, which Plaintiff held from 1992-2002, she indicated that she "stood in place alday [sic]." Again, Plaintiff checked off the activities she engaged in rather than indicating the amount of time she engaged in them. She also indicated that she frequently lifted 25 and 50 lbs. (Tr. 144-46).

At the hearing, the ALJ asked the VE if the vocational evidence, described as Plaintiff's testimony and the record in the case, was sufficient upon which to render an opinion, and the VE testified that it was. (Tr. 1141). However, the evidence in the record does not address the amount of time Plaintiff spent handling or fingering during her time working as a packer. Absent evidence regarding these activities, there is insufficient evidence for the VE or the ALJ to conclude that Plaintiff performed these activities in any manner other than that listed in the DOT. Thus, although the Commissioner argues that the ALJ's failure to seek an explanation for the conflict between the VE's testimony and the DOT is harmless because the ALJ found that Plaintiff could perform her past relevant work as actually performed (rather than as it is generally performed in the national economy), there is insufficient evidence in the record for the VE or the ALJ to have made such a conclusion.

The Commissioner also argues, however, that the failure was harmless because the ALJ found that although the Plaintiff is capable of performing past relevant work, there are other jobs

-8-

existing in the national economy that she is also able to perform.  During the hearing, the VE identified order filler, DOT 922.687-058, sandwich maker, DOT 317.664-010, and kitchen helper, DOT 318.687-010, as other jobs Plaintiff could perform given the limitations set forth in hypothetical question number one, which was ultimately adopted as Plaintiff's RFC by the ALJ.  The DOT information for sandwich maker provides for constant handling and fingering and the DOT information for kitchen helper provides for constant handling.  Thus, these two jobs conflict with Plaintiff's RFC in the same way as the packer job.  The DOT information for order filler provides for frequent handling and fingering, which is in accord with Plaintiff's RFC.  However, it also provides for frequent reaching, an activity not addressed in Plaintiff's RFC.  Thus, Plaintiff argues, the ALJ failed in this respect, too, because she did not perform a function-by-function assessment when developing the RFC.

Social Security Ruling 96-8p provides that "the RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945."  One of the functions included in subparagraph b of those regulations is the nonexertional function of reaching.  Plaintiff identifies numerous medical records noting Plaintiff's problems with pain in her arms and hand (Tr. 429-32, 473-77, 785-89, 804-05, 808-09, 819-24, 830, 887-96, 899-908, 922-25, 930-31, 1006-09),  as well as her testimony that she could not reach over her head nor reach down to get canned goods when she shops (Tr. 52, 58).  As noted, the ALJ did not address reaching in his RFC nor did he discuss any potential reaching limitations elsewhere in his decision.  Thus, the undersigned cannot determine whether the ALJ's decision is supported by substantial evidence.

In sum, the ALJ failed under SSR 00-4p to inquire into and elicit an explanation for the conflicts between the VE's testimony that Plaintiff could perform her past relevant work as a packer as well as the additional jobs of sandwich maker and kitchen helper and the information in the DOT for those jobs, and under SSR 96-8p to perform a function-by-function analysis pursuant to SSR 96-8p to address whether Plaintiff has any limitations with respect to reaching. Therefore, the undersigned recommends that this case be remanded for an explanation for the conflicts between the VE's testimony and the DOT pursuant to SSR 00-4p and function-by-function analysis pursuant to SSR 96-8p.

## CONCLUSION

Pursuant to the power of the Court to enter a judgment affirming, modifying, or reversing the Commissioner's decision with remand in social security actions under sentence four of Sections 205(g) and 1631 (c) (3) of the Social Security Act, 42 U.S.C. Sections 405 (g) and 1338 (c) (3), it is recommended that the Commissioner's decision be reversed pursuant to sentence four of 42 U.S.C. § 405(g) and that the case be REMANDED to the Commissioner for further administrative action as set forth above.

        s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 6, 2014
Florence, South Carolina