IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| FREIDA POLLANDER, ) | |
| ) | No. 4:12-cv-01971-DCN |
| Claimant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security,* ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on United States Magistrate Judge Thomas E. Rogers, III's Report and Recommendation ("R&R") that the court reverse the Commissioner's decision denying claimant Freida Pollander's ("Pollander") application for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Commissioner has filed objections to the R&R. For the reasons set forth below, the court adopts the R&R in part and affirms the Commissioner's decision.

## I. BACKGROUND

Unless otherwise noted, the background of this case is taken from the R&R.

### A. Procedural History

Pollander filed an application for DIB and SSI on June 1, 2005, alleging that she became unable to work on March 24, 2004. Tr. 17. The Social Security Administration ("the Agency") denied her application initially and on reconsideration. After a hearing held on September 26, 2008, an administrative law judge ("ALJ") determined that Pollander was not disabled. The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied further review. Pollander appealed to

1

this court and the Hon. Joseph F. Anderson, Jr. reversed the Commissioner's decision and remanded the case for further proceedings on March 22, 2011. Tr. 699.

On remand, ALJ Gregory M. Wilson held a hearing on January 31, 2012. Tr. 1115. Pollander testified at the hearing, as did vocational expert ("VE") Carroll Crawford. Id. In an opinion issued on February 10, 2012, the ALJ again determined that Pollander was not disabled. The ALJ's opinion became the final decision of the Commissioner when the Appeals Council denied review on May 17, 2012. It is this decision that is the subject of Pollander's present lawsuit.

Pollander filed this action for judicial review on July 16, 2012. On February 21, 2013, she filed a brief seeking remand for further proceedings. The Commissioner responded to Pollander's brief on April 22, 2013.

On February 6, 2014, the magistrate judge issued the R&R, recommending that the Commissioner's decision be overturned and the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g). R&R 10. The Commissioner objected to the R&R on February 24, 2014. Pollander neither objected to the R&R nor responded to the Commissioner's objections. This matter has been fully briefed and is now ripe for the court's review.

### B. Pollander's Medical History

Because a recitation of Pollander's medical history is not particularly helpful to the disposition of this case, the court here recites only a few relevant facts. Pollander was born on January 27, 1964 and was forty years old on her alleged disability onset date. Tr. 24. She has a limited education and past relevant work as a house cleaner, a packer, an inspector, and an auto parts delivery person. Id.

### C. ALJ's Findings

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. The Social Security regulations establish a five-step sequential evaluation process to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.1520, 416.920. Under this process, the ALJ must determine whether the claimant: (1) is currently engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment which equals an illness contained in 20 C.F.R. § 404, Subpt. P, App'x 1, which warrants a finding of disability without considering vocational factors; (4) if not, whether the claimant has an impairment which prevents her from performing past relevant work; and (5) if so, whether the claimant is able to perform other work considering both her remaining physical and mental capacities (defined by her residual functional capacity) and her vocational capabilities (age, education, and past work experience) to adjust to a new job. See 20 C.F.R. § 404.1520; Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981). The applicant bears the burden of proof during the first four steps of the inquiry, while the burden shifts to the Commissioner for the final step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (citing Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992)).

To determine whether Pollander was disabled from March 24, 2004, through the date of his decision, the ALJ employed the statutorily-required five-step sequential evaluation process. At step one, the ALJ found that Pollander did not engage in

substantial gainful activity during the period at issue. Tr. 629. At step two, the ALJ found that Pollander suffered from the following severe impairments: carpal tunnel syndrome, chronic obstructive pulmonary disease, obstructive sleep apnea, degenerative disc disease, arthritis of the knees, and obesity. Tr. 630. At step three, the ALJ found that Pollander's impairments or combination thereof did not meet or medically equal one of the impairments listed in the Agency's Listing of Impairments. Tr. 636. Before reaching the fourth step, the ALJ determined that Pollander retained the residual functional capacity ("RFC") to perform medium work. Tr. 638. Specifically, the ALJ found that Pollander could lift and carry up to fifty pounds occasionally and up to twenty-five pounds frequently; stand and walk for a total of six hours during an eight-hour workday; sit for six hours in an eight-hour work day; frequently climb, balance, stoop, kneel, crouch, or crawl; and occasionally climb ropes, ladders, and scaffolds. Id. The ALJ also limited Pollander "to frequent handling and fingering in the upper extremities bilaterally" and stated that she must avoid concentrated exposure to fumes and hazards. Id. At step four, the ALJ found that Pollander was capable of performing her past relevant work as a packer. Tr. 652. The ALJ also specifically found that Pollander was capable of performing the requirements of the following medium, unskilled representative occupations: order filler, sandwich maker, and kitchen helper. Tr. 653. Finally, at the fifth step, the ALJ found that Pollander could perform jobs existing in significant numbers in the national economy and concluded that she was not disabled during the period at issue. Id.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). This court is not required to review the factual findings and legal conclusions of the magistrate judge to which the parties have not objected. See id. The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id. (internal citations omitted). "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if [her] decision is supported by substantial evidence." Id.

## III.   DISCUSSION

The magistrate judge found that the ALJ committed two errors: (i) the ALJ failed to elicit an explanation for the conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"); and (ii) the ALJ failed to perform the function-by-function analysis required by SSR 96-8p by failing to address whether Pollander has any limitations on her ability to reach. The Commissioner objects to the magistrate judge's

second finding only, explaining that if the ALJ did, in fact, properly assess Pollander's ability to reach, then any other error by the ALJ would have been harmless.

Neither party objects to the magistrate judge's first finding. The court has reviewed both the R&R and the record and finds no clear error. As a result, the court adopts the magistrate judge's recommendation that the ALJ erred by failing to elicit an explanation the conflict between the VE's testimony and the DOT. What remains to be considered is whether the ALJ's failure to specifically discuss Pollander's ability to reach amounts to a failure to conduct the function-by-function analysis required by SSR 96-8p.

> SSR 96-8p states that:
>
> When there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity.
>
> [ ] The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

SSR 96-8P, 1996 WL 374184, at *1 (July 2, 1996). 20 C.F.R. § 404.1545(b) includes "reaching" as one of the physical demands of work activity that the Agency considers when assessing a claimant's physical RFC.

The Commissioner agrees with the magistrate judge that the ALJ's decision does not discuss any limitations on Pollander's ability to reach. However, the Commissioner argues that "by not identifying any limitation in Plaintiff's ability to reach, the ALJ made the implicit finding that Plaintiff had no such limitation." Comm'r's Objections 3. In support of her argument, the Commissioner cites to Hines v. Barnhart, 453 F.3d 559, 563

(4th Cir. 2006), in which the Fourth Circuit explained that, in light of SSR 96-8p, an ALJ's decision that a claimant could perform "a wide range of sedentary work" "implicitly contained a finding that [the claimant] physically is able to work an eight hour day." The Commissioner also cites to Depover v. Barnhart, 349 F.3d 563, 568 (8th Cir. 2003), in which the Eighth Circuit found that an ALJ had implicitly found that a plaintiff was not limited in his ability to sit, stand, or walk. The Depover court's decision rested on a variety of factors. First, the RFC in question addressed only areas in which the plaintiff had limitations, not areas in which he had no limitations. 349 F.3d at 567. Second, at the hearing, the ALJ had posed a hypothetical to the VE that included the limitations in sitting, standing, and walking to which the plaintiff had testified. Id. Third, the ALJ's decision noted that the plaintiff had testified that he could not stand for long periods of time. Id. For all these reasons, the Eighth Circuit found that the ALJ had implicitly found that the plaintiff was not limited in the areas of sitting, standing, or walking.

In the present case, Pollander testified that her cervical disc disease caused her arms and hands "to go numb," and that she has difficulty dressing herself because she "can't hardly lift my arms or anything." Tr. 1125, 1130. In his decision, the ALJ found that Pollander's statements regarding the intensity, persistence and limiting effects of her symptoms were not credible, a finding to which Pollander has not objected. Tr. 640. The ALJ also extensively discussed the medical evidence relating to Pollander's neck and arm pain, noting the many medical examinations that found normal muscle strength, range of motion, and nerve responses in her arms. See, e.g., Tr. 631-33. After a discussion of the medical evidence relating to Pollander's arm pain, the ALJ found that "the objective

7

medical evidence does not support the imposition of additional limitations" other than those that he had included in his RFC.[1]  Tr. 648.

While the ALJ did not specifically discuss whether Pollander is limited in her ability to reach, he did explain that additional limitations based upon her carpal tunnel syndrome and arm pain were unwarranted.  Tr. 647-48.  These findings are undoubtedly supported by substantial evidence, as the ALJ discussed a wide variety of medical records that supported his determination.  Though Depover is not binding on this court, the court finds its reasoning persuasive in this case.  The ALJ's decision in this case demonstrates that he thoroughly assessed Pollander's physical limitations with respect to her arms and hands.  His statement that additional limitations need not be included in Pollander's RFC indicates that the ALJ considered whether any reaching restrictions were warranted and decided that they were not.  Additionally, the ALJ's analysis complies with SSR 96-8p because Pollander never alleged an inability to reach and the medical record does not support such a finding.  The ALJ did not run afoul of SSR 96-8p by failing to discuss Pollander's ability to reach.  Remand is not warranted on this ground.

In summary, the ALJ failed to resolve the conflicts between the DOT and the VE's testimony regarding Pollander's ability to perform her past relevant work as a packer and other medium unskilled work such as sandwich maker or kitchen helper. However, this error is harmless because the ALJ properly found that Pollander could perform medium unskilled work as an order filler.  Though the position of order filler requires frequent reaching, the ALJ's extensive opinion shows that he considered – and rejected – the need for any limitations on Pollander's ability to reach.

---

[1] While Pollander repeatedly sought medical treatment for leg, arm, and shoulder pain, the ALJ determined that this pattern may have been a part of her drug-seeking behavior.  Tr. 647.

## IV.   CONCLUSION

For the reasons set forth above, the court **ADOPTS IN PART** the magistrate judge's Report & Recommendation, and **AFFIRMS** the Commissioner's decision.

**AND IT IS SO ORDERED**.

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 12, 2014**
**Charleston, South Carolina**