IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| FREIDA POLLANDER, ) | |
| ) | No. 4:12-cv-01971-DCN |
| Claimant, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security,* ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on a motion to amend the court's March 12, 2014 judgment, which affirmed the Acting Commissioner of Social Security's ("the Commissioner") decision. Claimant Freida Pollander ("Pollander") contends that the court's judgment should be amended pursuant to Rule 59(e) of the Federal Rules of Civil Procedure because the court made a clear error of law. The Commissioner has filed a response in opposition to Pollander's motion. For the reasons set forth below, the court denies Pollander's motion.

## I.  BACKGROUND

Pollander filed an application for disability insurance benefits and supplemental security income on June 1, 2005, alleging that she became unable to work on March 24, 2004. Tr. 17. The Social Security Administration ("the Agency") denied her application initially and on reconsideration. After a hearing held on September 26, 2008, an administrative law judge ("ALJ") determined that Pollander was not disabled. The ALJ's finding became the final decision of the Commissioner when the Appeals Council denied further review. Pollander appealed to this court and the Hon. Joseph F. Anderson, Jr.

1

reversed the Commissioner's decision and remanded the case for further proceedings on March 22, 2011. Tr. 699.

On remand, ALJ Gregory M. Wilson held a hearing on January 31, 2012. Tr. 1115. Pollander testified at the hearing, as did vocational expert ("VE") Carroll Crawford. Id. In an opinion issued on February 10, 2012, the ALJ again determined that Pollander was not disabled. The ALJ's opinion became the final decision of the Commissioner when the Appeals Council denied review on May 17, 2012. It is this decision that is the subject of Pollander's present lawsuit.

Pollander filed this action for judicial review on July 16, 2012. On February 21, 2013, she filed a brief seeking remand for further proceedings. The Commissioner responded to Pollander's brief on April 22, 2013. On February 6, 2014, the magistrate judge issued the R&R, recommending that the Commissioner's decision be overturned and the case be remanded pursuant to sentence four of 42 U.S.C. § 405(g). In the R&R, the magistrate judge found that the ALJ committed two errors: (i) the ALJ failed to elicit an explanation for the conflicts between the VE's testimony and the Dictionary of Occupational Titles ("DOT"); and (ii) the ALJ failed to perform the function-by-function analysis required by SSR 96-8p by failing to address whether Pollander has any limitations on her ability to reach. Id. The Commissioner objected to the magistrate judge's second finding only, explaining that if the ALJ did, in fact, properly assess Pollander's ability to reach, then any other error by the ALJ would have been harmless. Comm'r's Objections 5.

On March 12, 2014, after reviewing the Commissioner's objection to the R&R, the court adopted the magistrate judge's R&R in part, and affirmed the Commissioner's

decision. The court held that although the ALJ failed to resolve certain conflicts between the DOT and the VE's testimony, "such error was harmless because the ALJ properly found that Pollander could perform medium unskilled work as an order filler." Order 8. The court further held that "[t]hough the position of order filler requires frequent reaching, the ALJ's extensive opinion shows that he considered—and rejected—the need for any limitations on Pollander's ability to reach." Id.

On April 9, 2014, Pollander filed the instant motion to amend the court's judgment. The Commissioner opposed the motion on April 25, 2014, to which Pollander filed a reply on March 2, 2014. The matter has been fully briefed and is ripe for the court's review.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment. Though the rule does not provide a standard under which a district court may grant such motions, the Fourth Circuit has recognized "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." Pac. Ins. Co., 148 F.3d at 403 (internal citation omitted); Wright v. Conley, No. 10-cv-2444, 2013 WL 314749, at *1 (D.S.C. Jan. 28, 2013). "Whether to alter or amend a judgment under Rule 59(e) is within the sound discretion of the district court." Singletary v. Beazley Ins. Co., No.

3

2:13-cv-1142, 2013 WL 6850147, at *2 (D.S.C. Dec. 30, 2013) (citing Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir.2005)), aff'd, 585 F. App'x 177 (4th Cir. 2014).

Rule 59(e) motions "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Pac. Ins. Co., 148 F.3d at 403 (citation and internal quotations omitted). Nor are Rule 59(e) motions opportunities to rehash issues already ruled upon because a litigant is displeased with the result. Tran v. Tran, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001); see also United States ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002) ("Mere disagreement does not support a Rule 59(e) motion.").

### III.   DISCUSSION

In the instant motion, Pollander does not argue there has been an intervening change in controlling law nor does she present new evidence; therefore, the only questions are whether the court's order was based on a clear error of law or would result in a manifest injustice. Pac. Ins. Co., 148 F.3d at 403. Pollander essentially raises two bases upon which the court should reconsider its previous order: (1) the court erred in issuing an order before the established deadline to reply to the Commissioner's objections had expired; and (2) the court committed a clear error of law by determining that the ALJ implicitly considered the need for any limitations on Pollander's ability to reach. Pl.'s Mot. 1. The court takes these arguments in turn.

### A.    Issuance of Order

This court issued its order on March 12, 2014, one day before the established deadline to reply to the Commissioner's objections expired.  See Order; Docket No. 30 (providing March 13, 2014 as the deadline to reply to the Commissioner's objections).  In light of this inadvertent error, Pollander asks that the court accord her Rule 59 motion "the same weight as a response," suggesting that this is "the most appropriate remedy." Pl.'s Objections 3.  The court will therefore review Pollander's motion as a response to the Commissioner's objections to the R&R.

### B.    Reaching Limitation

Pollander argues that "the ALJ did not provide the reasoned explanation for [his] rejection of important items of evidence as required by SSR 96-8p," specifically, Pollander's "limitations as to reaching."  Pl.'s Mot. 1.  Pollander contends that the court therefore committed a clear error of law by finding that the ALJ implicitly considered the need for any limitations on Pollander's ability to reach.  Id.

> SSR 96-8p states that:
>
> When there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity.
>
> [ ] The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 CFR 404.1545 and 416.945. Only after that may RFC be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy.

SSR 96-8P, 1996 WL 374184, at *1 (July 2, 1996).  20 C.F.R. § 404.1545(b) includes "reaching" as one of the physical demands of work activity that the Agency considers when assessing a claimant's physical RFC.

In the recent Fourth Circuit opinion, Mascio v. Colvin, the court rejected a "per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis," agreeing instead with the Second Circuit that "'[r]emand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review.'"  --F.3d--, 2015 WL 1219530, at *3 (4th Cir. Mar. 18, 2015) (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)).

After careful review and consideration, the court finds that Pollander's arguments do not meet the requirements for relief under Rule 59(e).  As an initial matter, because Pollander makes the same arguments she previously raised in her briefs, she is improperly using the Rule 59(e) motion to relitigate this issue.  Pac. Ins. Co., 148 F.3d at 403; see Pl.'s Mot. 3–10; Pl.'s Br. 35–39; Pl.'s Resp. Br. 7–12.  Further, under the Fourth Circuit's guidance in Mascio, remand is not required in the instant action.  As this court found in the March 12, 2014 order, "the ALJ's analysis complies with SSR 96-8p because Pollander never alleged an inability to reach and the medical record does not support such a finding."  Order 8.

Indeed, in his twenty-eight page decision, the ALJ extensively discusses the evidence in the record that supports his findings on Pollander's limitations.  Tr. 627–54.  In assessing Pollander's credibility, the ALJ detailed the objective medical evidence which he believed showed that Pollander's impairments were not as severe as she

alleged. Tr. 642–44. This portion of the ALJ's decision is replete with evidence that Pollander was not limited in her ability to reach, including Pollander's own assertions that "she [could] move her arms better." Id. Thus, remand is not warranted under Mascio.

## IV. CONCLUSION

For the reasons set forth above, the court **DENIES** Pollander's motion for amendment of judgment, ECF No. 36.

**AND IT IS SO ORDERED**.

　　　　　　　　　　　　　　　　　　　**DAVID C. NORTON**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

**April 6, 2015**
**Charleston, South Carolina**